# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

IN RE: FORTIETH STATEWIDE      :    No. 75 WM 2018
INVESTIGATING GRAND JURY      :
         :
         :
PETITION OF: E.L.          :

## ORDER

**PER CURIAM**

**AND NOW**, this 6th day of July, 2018, upon consideration of the Petition for Review, and in the absence of an Answer to that Petition for Review being offered by the Office of Attorney General prior to the filing deadline, this matter is to be considered by the Court upon full briefing by the parties on an expedited basis.

Petitioner is challenging, *inter alia*, a June 5, 2018 order which the supervising judge certified for appellate review. *See* Pa.R.A.P. 3331(a)(5). As identified in Petitioner's General Statement of Objections, with some rephrasing by this Court, Petitioner is presenting the following appellate claims:

1. Whether the supervising judge's failure to redact Petitioner's name will irreparably and irrevocably damage his fundamental reputational interest?

   a. Whether a protective order is appropriate to address the grand jury's indisputably clear error?

   b. Whether prejudicial references to the name of an innocent third party outweigh the non-existent probative value of such references?

2. Whether the supervising judge erred in denying Petitioner due process despite harm to his fundamental reputational interest?

a. Whether the "process" afforded Petitioner was constitutionally insufficient?

    i. Whether the private interest Petitioner maintains in his reputation could not be weightier?

    ii. Whether Petitioner has proven the risk of erroneous deprivation and the value of additional or substitute safeguards that would have averted the error?

    iii. Whether affording Petitioner constitutionally sufficient due process could have been achieved with minimal administrative burden and while still achieving relevant state interests?

Petitioner's brief is due by 2:00 p.m. on July 10, 2018. At that time, Petitioner shall present an unredacted brief, which shall be filed under seal. Simultaneously, to ensure as much public access as possible without violating grand jury secrecy, Petitioner shall submit a redacted version of the brief suitable for public docketing. The Office of Attorney General, as the opposing party, shall review Petitioner's redacted brief and, no later than 2:00 p.m. on July 13, 2018, shall file a letter with the Prothonotary, either certifying that the Office of Attorney General agrees that the redacted brief does not violate grand jury secrecy or objecting to the release of the redacted version of the brief on the basis that it allegedly violates grand jury secrecy.

In the event the Office of Attorney General certifies that it agrees that Petitioner's redacted brief does not violate grand jury secrecy, the document shall be immediately docketed for public view. If the Office of Attorney General objects to the release of the redacted version, such objections shall be immediately forwarded to the supervising judge for his prompt consideration and disposition.

The Office of Attorney General's appellate brief shall be due by 2:00 p.m. on July 13, 2018. At that time, the Office of Attorney General shall present an unredacted brief, which shall be filed under seal. Simultaneously, the Office of Attorney General shall

submit a redacted version of the brief suitable for public docketing. Petitioner, as the opposing party, shall review the redacted brief. Following that review, and no later than 2:00 p.m. on July 17, 2018, Petitioner shall file a letter, either certifying agreement that the Office of Attorney General's redacted brief does not violate grand jury secrecy or identifying with specificity any aspects of the redacted version which Petitioner believes violate such secrecy.

In the event Petitioner certifies agreement that the Office of Attorney General's redacted brief does not violate grand jury secrecy, the document shall be immediately docketed for public view. In the event Petitioner objects to the release of the redacted version, such objections shall be immediately forwarded to the supervising judge for his prompt consideration and disposition.

The parties are cautioned against instigating unnecessary ancillary litigation regarding the production of redacted versions of the brief suitable for public docketing, and any such ancillary litigation will not delay this Court's resolution of the challenges to the Report.

Any *amicus curiae* briefs, regardless of which side they support, shall be due by 2:00 p.m. on the fourth business day following the public disclosure of Petitioner's or the Office of Attorney General's redacted brief, whichever occurs later.

In consideration of the timeliness concerns, the parties will not be permitted to submit reply briefs. Service of all submissions must be made at the time of filing via e-filing, fax, e-mail, or personal delivery. Requests for changes to the briefing schedule will not be entertained, and no extensions will be granted.

Consistent with the expedited treatment of this matter, the request of the Office of Attorney General to proceed to oral argument, which it has made in several of its answers, is DENIED. This matter will be submitted on the briefs.

The instant order is unsealed.